IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARRIO BROS., LLC, *et al.*, | ) | CASE NO. 1:18CV2052 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| REVOLUCION, LLC, *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDA-** |
| Defendants. | ) | **TION RE PLAINTIFFS' MOTION** |
| | ) | **TO COMPEL** |

In this case, two build-your-own-taco restaurant chains are fighting over the terms of a settlement agreement signed by two former business partners who went their separate ways in 2014. One of them continued growing the Barrio restaurant chain.[1] The other created the Condado chain.[2]

Barrio (the plaintiff group) started the lawsuit by asking (unsuccessfully as it turned out) for a temporary restraining order in 2018.[3] Last year, the District Judge permitted Barrio to file a second amended complaint.[4] The ten causes of action allege a mix of federal and state law violations with the unifying theme that Condado (the defendant group) has unlawfully copied everything from menus to recipes to dining

---

[1] *See* https://barrio-tacos.com/ (last accessed on 11/24/20).
[2] *See* http://www.condadotacos.com/ (last accessed on 11/24/20).
[3] ECF #5 and #14.
[4] ECF #51 and #53.

1

atmosphere to décor that make Barrio so unique.

Condado is fighting back with five counterclaims of its own.[5] It contends that nothing it has done violates the settlement agreement or any laws. Although the District Judge dismissed two of the counterclaims,[6] three still remain.

Last week, the District Judge granted the parties' joint motion to extend the deadline for expert discovery and dispositive motions.[7] A new trial date has yet to be set, but will be according to the order. The lawyers argued that the pandemic has interfered with their fact-gathering efforts.[8] The pandemic has interfered with a lot more than that in the restaurant business, including the very financial survival of countless restaurants throughout the country. Nevertheless, this legal battle continues.

The lawyers recently got into a squabble over discovery. In February right before the pandemic struck this country, a Columbus, Ohio business journal reported that Condado had found a new equity partner, the Beekman Group LLC. According to the article, this new equity partner will help take the Condado brand nationwide.[9] Whether that's even so now that the pandemic has turned the restaurant business upside down is beside the point. Barrio wants all the documents related to that reported partnership.[10]

It is unclear why Barrio waited almost eight months to file its motion to compel

---

[5] ECF #58.
[6] ECF #77.
[7] ECF #93.
[8] ECF #92, at 1.
[9] ECF #85-1, at 1.
[10] ECF #85.

2

if the documents are so important to its case. It is also unclear whether Barrio has even submitted a formal document request under Fed. R. Civ. P. 34 requesting those documents. Nevertheless, through its motion to compel, Barrio seeks two groups of documents related to Condado's reported new equity partner: "the definitive documents consummating the Sale between Defendants and the Beekman Group, LLC" and "all discussions, correspondence, presentations and other information provided by Defendants to the Beekman Group, LLC."[11] Barrio is willing to receive these documents "subject to any necessary protective order,"[12] which presumably means the protective order approved on July 26, 2019. That order covers "[a]ll documents produced in the course of discovery."[13]

Condado opposes Barrio's motion to compel, because it believes the requested documents have nothing to do with the lawsuit—neither the merits nor damages if Barrio wins.[14] Condado's point is simple enough. How can Condado's valuation as an ongoing business enterprise have any relevance to damages Barrio may have suffered even if the latter wins on the merits?[15] The District Judge referred this motion to me.[16]

Condado makes a good point, but it doesn't address entirely the broad legal standard applicable to discovery or some of the ways businesses can be valued by

---

[11] ECF #85, at 2.
[12] *Id.* at 1.
[13] ECF #42, at 1.
[14] ECF #86.
[15] *Id.* at 4.
[16] ECF #91.

potential equity partners. Barrio doesn't cite much law in support of its motion, but one of the cases it cites is on point. The long-standing test under Fed. R. Civ. P. 26(b) for permissible discovery is whether the request is reasonably calculated to lead to the discovery of admissible evidence. Barrio cites one case from a half-century ago for this proposition,[17] but there are many more.[18] And some aspects of this rule have changed in the meantime.

Amendments to Fed. R. Civ. P. 26(b)(1) have added considerations that can narrow the broad sweep of permissible discovery.[19] "As of December 2015, Rule 26(b)(1) has been narrowed to only allow discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case….' "[20] The rule currently provides:

> (1) ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

[17] *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500–01 (6th Cir. 1970).
[18] *See*, *e.g.*, *Martinez v. McGraw*, 581 F. App'x 512, 517 (6th Cir. 2014) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 982 (6th Cir. 2003); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); *Shell v. Ohio Family Rights*, No. 1:15CV1757, 2016 WL 4523830 (N.D. Ohio Aug. 29, 2016) ("[t]he scope of discovery under the Federal Rules traditionally has been quite broad") (citations omitted).
[19] *See Jones v. Johnson*, 801 F. App'x 338, 351 (6th Cir. 2020) (Readler, J., concurring) (observing that the rule amendments have had the effect of "cementing the need for district courts to consider relevance and proportionality (rather than reasonable calculations regarding admissibility) as the touchstones in setting the scope of discovery").
[20] *Kesterson v. Kent State Univ.*, No. 5:16-CV-298, 2018 WL 2129610, at *3 (N.D. Ohio May 8, 2018).

>outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under the current standard, it is possible—probably likely—that Condado's new equity partner negotiated a price for its ownership share based in part on the characteristics of Condado's business model. Barrio claims that what makes its own business model so special is what Condado allegedly stole from it. That includes tangible things like menus, recipes, and décor, which might now be integral components of Condado's business model. Intangibles like restaurant ambiance and the like, which Barrio also claims Condado stole from it, can also contribute to a business's going value. As a result, these intangibles might also have found their way into the equity share price paid by the new partner.

Calculating the value placed on an ongoing business enterprise can be a tricky process, especially given the uncertain future restaurants are facing because of the pandemic. It may turn out that the discovery from the new equity partner supports Condado's position rather than Barrio's. For example, the discovery Barrio seeks could show that the new equity partner saw value in things that Condado newly created that don't even exist in Barrio's business model. It could also show that the new equity partner valued anticipated changes in Condado's business model that have yet to be financed or implemented—and now may never be developed given the intervening pandemic.

Nevertheless, the standard I must follow is not whether the request will lead to discovery of admissible evidence but rather whether the request is reasonably

calculated to lead to the discovery of admissible evidence. I conclude that Barrio's request for the "definitive documents consummating the Sale between Defendants and the Beekman Group, LLC" is reasonably calculated and in fact could lead to the discovery of admissible evidence. These documents are proportional to the needs of the case and relevant to Barrio's claims, even if they prove not to support those claims. I also conclude that production of these documents would not place an undue burden on Condado, especially if, as I recommend, Condado is required to produce these documents subject to the protective order in this case.

My conclusion, though, doesn't hold for Barrio's second category of documents: "all discussions, correspondence, presentations and other information provided by Defendants to the Beekman Group, LLC." This request smacks of a fishing expedition which Fed. R. Civ. P. 26(b) does not allow. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to "go fishing" and a trial court retains discretion to determine that a discovery request is too broad and oppressive.' "[21]

Documents of this unfocused nature could include a discussion or an exchange of information regarding plans the new equity partner has for its new suitor that have nothing to do with the restaurant business or nothing to do with taco restaurants. After all, the news report Barrio presented indicates that the Beekman Group manages a

---

[21] *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). *See also Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015).

6

portfolio of companies in consumer, healthcare, and business services along with restaurants that reportedly are not taco restaurants.[22] This second category of documents would also likely sweep up Condado's future business plans and financial projections that are not relevant to Barrio's claims. Moreover, the unspecified nature of the request for documents in the second category raises concerns about proportionality and burdensomeness, which are considerations under Rule 26(b)'s amendments I must bear in mind. If, after seeing the first category of documents, Barrio can refine a further document request in line with Fed. R. Civ. P. 26(b), then it is free to ask for leave to do so.

An important assumption accompanies my recommendation. The docket reflects a cut-off of August 13, 2020 for fact discovery.[23] The parties' joint motion which the District Judge just granted suggests the parties wanted the flexibility to extend the deadline for fact discovery by agreement.[24] The District Judge's order, however, does not contain language to this effect. To the extent the deadline for fact discovery needs to be extended for the purpose of accommodating the additional discovery Barrio seeks, I will leave that determination to the District Judge.

Accordingly, for the foregoing reasons and for good cause shown, I recommend that Barrio's motion to compel be granted to the extent that it seeks the "definitive documents consummating the Sale between Defendants and the Beekman Group,

---

[22] ECF #85-1, at 2.
[23] ECF #76.
[24] ECF #92, at 1, n.1.

LLC," and that Condado produce those documents forthwith subject to the protective order in this case.

\* \* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice. The party lodging objections shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the portion of this Report and Recommendation appealed from and the basis for the objection. Failure to file timely objections shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. Absent objection, a district court may adopt this Report and Recommendation without review.[25]

Dated: November 30, 2019

s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[25] *See* Local Rule 72.3(a); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).