**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **BARRIO BROS., LLC, et al.,** | **CASE NO. 1:18-CV-02052** |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **REVOLUCION, LLC, et al.,** | |
| **Defendants.** | **MEMORANDUM OF OPINION AND ORDER** |

Currently pending are the Objections of Defendants Revolucion, LLC, Revolucion Holdings, Inc., Cassyck, LLC, Joseph Kahn, Condado Tacos 1, 2, 4, 5, 6, 7, 8, LLCs, Jonathan D. Adams, and Thomas J. DeSantis (collectively, "Condado") (Doc. No. 95) to Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation dated November 30, 2020, recommending that the Court grant in part and deny in part the Motion to Compel by Plaintiffs Barrio Bros., LLC, Justin Hughes, LLC, Tres Amigos Lakewood, LLC, Thomas Leneghan, and Sean Fairbairn (collectively, "Barrio"). (Doc. No. 84.) For the following reasons, Condado's Objections are overruled.

**I.     Background**

The Magistrate Judge set forth the relevant facts surrounding the underlying litigation in his November 30, 2020 Report and Recommendation ("R&R"). (*See* Doc. No. 94, PageID# 999-1001.) Relevant to the instant Objections, a discovery dispute arose between Barrio and Condado, in which Barrio sought to compel production of documents consummating Condado's sale of one or more of its entities to Beekman Group LLC ("Beekman"), a third-party private equity group. (Doc. No. 85, PageID# 951.) Barrio also sought all "discussions, correspondence, presentations, and other information" Condado provided to Beekman regarding the sale. (*Id.*) Condado opposed Barrio's

Motion to Compel, arguing that the sale documents and related discussions were irrelevant to Barrio's claimed damages and also that Barrio had objected to producing its own relevant, highly sensitive financial information to Condado. (Doc. No. 86, PageID# 956-60.)

Magistrate Judge Baughman granted in part and denied in part Barrio's Motion to Compel. (Doc. No. 94, PageID# 1004-05.) The Magistrate Judge denied Barrio's Motion to the extent that Barrio sought "all discussions, correspondence, presentations, and other information" that Condado provided to Beekman in conjunction with the sale.[1] (*Id.* at PageID# 1005.) However, he granted Barrio's Motion to the extent that Barrio sought to compel the production of Condado's sale documents. (*Id.* at PageID# 1003-04.)

Magistrate Judge Baughman concluded that, under Fed. R. Civ. P. 26(b)'s broad scope of discovery, the sales documents ought to be produced. (*Id.* at PageID# 1001-04.) According to the Magistrate Judge, while Condado made "a good point" that its valuation as an ongoing business enterprise has no relevance to Barrio's damages, Condado did not entirely address "the broad legal standard applicable to discovery or some of the ways businesses can be valued by potential equity partners." (*Id.* at PageID# 1001-02.) The Magistrate Judge wrote that the "long-standing test under Fed. R. Civ. P. 26(b) for permissible discovery is whether the request is reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at PageID# 1002.) However, he also acknowledged that "some aspects of this rule have changed in the meantime." (*Id.*) He noted that, as of December 2015, an amendment to Fed. R. Civ. P. 26(b)(1) narrowed the broad sweep of permissible discovery

---

[1] Neither Condado nor Barrio object to Magistrate Judge Baughman's recommendation that the Court should not compel production of Barrio's second category of documents, "discussions, correspondence, presentations, and other information" sent from Condado to Beekman with respect to the sale. Accordingly, the Court adopts Magistrate Judge Baughman's Recommendation that Barrio's Motion to Compel should be denied to the extent Barrio seeks production of any "discussions, correspondence, presentations, and other information" regarding the sale from Condado to Beekman Group LLC.

2

to only allow discovery regarding "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." (*Id.*, quoting *Kesterson v. Kent State Univ.*, No. 5:16-cv-298, 2018 WL 2129610, at *3 (N.D. Ohio May 8, 2018).)

Magistrate Judge Baughman concluded that "[u]nder the current standard, it is possible—probably likely—that Condado's new equity partner negotiated a price for its ownership share based in part on the characteristics of Condado's business model." (*Id.* at PageID# 1003.) He was persuaded by Barrio's argument that Condado's sale price may have reflected certain tangible (e.g., menus, recipes, and décor) and intangible components (e.g., restaurant ambiance) that Barrio alleges Condado stole from Barrio. (*Id.*) Magistrate Judge Baughman then summarized his conclusion that the sale documents should be produced in the following paragraph:

> Nevertheless, the standard I must follow is not whether the request will lead to discovery of admissible evidence but rather whether the request is reasonably calculated to lead to the discovery of admissible evidence. I conclude that Barrio's request for the "definitive documents consummating the Sale between Defendants and the Beekman Group, LLC" is reasonably calculated and in fact could lead to the discovery of admissible evidence. These documents are proportional to the needs of the case and relevant to Barrio's claims, even if they prove not to support those claims. I also conclude that production of these documents would not place an undue burden on Condado, especially if, as I recommend, Condado is required to produce these documents subject to the protective order in this case.

(*Id.* at PageID# 1003-04.)

On December 14, 2020, Condado filed its Objections to the R&R, to which Barrio responded on December 28, 2020. (Doc. Nos. 95, 96.) On January 5, 2021, Condado filed a Reply in Support of its Objections. (Doc. No. 97.) Thus, Condado's Objections are ripe and ready for review.

**II.     Legal Standard**

When a party objects to a magistrate judge's order regarding a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary

3

to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 72.3(a). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *1 (N.D. Ohio Apr. 19, 2017). Under this standard, "[a] finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). "A court may not overturn a ruling just because, if it were the original fact-finder, it would have decided the evidence differently. If there are two plausible views of a matter, then a decision cannot be 'clearly erroneous.'" *Burghardt v. Ryan*, No. 5:19-cv-325, 2020 WL 4350049, at *2 (N.D. Ohio July 29, 2020) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985)).

On the other hand, a "magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard." *Diorio*, 2017 WL 1399869, at *1. The "contrary to law" standard is the "same standard the Sixth Circuit uses to review district court evidentiary rulings on questions of law," which is an "abuse of discretion" standard. *JGR, Inc.*, 2006 WL 456479, at *1. An abuse of discretion occurs when "a court improperly applies the law or uses an erroneous legal standard." *Id.* (citations and internal quotations omitted). "Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion." *Diorio*, 2017 WL 1399869, at *2 (quoting *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014)). Indeed, "[t]hat reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.*

4

**III.     Analysis**

Condado objects to the Magistrate Judge's recommendation that the Court grant Barrio's Motion to Compel to the extent that it seeks the sale documents between Condado and Beekman, which is a non-dispositive matter. Thus, the Court considers Condado's objections under the clearly erroneous or contrary to law standard, set forth above. For the following reasons, the Court overrules Condado's Objections to the Magistrate Judge's R&R.

Condado's primary objection is that Magistrate Judge Baughman incorrectly applied the old standard for discoverability—whether a request is reasonably calculated to lead to discovery of admissible evidence—which led him to incorrectly conclude that the sales documents are relevant. (Doc. No. 95, PageID# 1008-10.) Condado argues that the R&R does not analyze whether the documents are relevant, the current standard under Fed. R. Civ. P. 26(b)(1), but instead assumes that the documents "could be" relevant. (*Id.*) Condado contends that this is "something akin to whether they are 'reasonably calculated' to be relevant." (*Id.* at PageID# 1009-10.) Condado argues that the correct standard is narrower and that the sales documents do not fall under this narrower standard because they do not contain the type of valuation or analysis that the R&R suggests they might. (*Id.* at PageID# 1010; *see also* Doc. No. 95-1.) In response, Barrio naturally contends that the Magistrate Judge applied the correct standard and that the sales documents are indeed relevant, proportional to the needs of the case, and would not place an undue burden on Condado. (Doc. No. 96, PageID# 1017.) In its Reply, Condado argues that Barrio's justification for producing the sales documents is based on a flawed premise because Condado's valuation is not related to Barrio's damage claims. (Doc. No. 97, PageID# 1023.)

After considering Condado's arguments, the Court concludes that the Magistrate Judge applied the correct standard in his finding that the sales documents are relevant and therefore subject to discovery. The Court acknowledges that the Magistrate Judge, in setting out his conclusion on relevance, indeed referenced the previous standard when he wrote that he must examine "whether the request is reasonably calculated to lead to the discovery of admissible evidence." (Doc. No. 94, PageID# 1003-04.) However, the Magistrate Judge concludes in the same paragraph that the sale documents are "proportional to the needs of the case *and relevant* to Barrio's claims, even if they prove not to support those claims." (*Id.*, emphasis added.) This is the correct standard under Fed. R. Civ. P 26(b)(1). *See Jones v. Johnson*, 801 Fed. App'x. 338, 351 (6th Cir. 2020) (Readler, J. concurring) (noting that the standard under Fed. R. Civ. P. 26(b)(1) was amended from "reasonably calculated to lead to the discovery of admissible evidence," to focus on the touchstones of relevance and proportionality). Moreover, the Magistrate Judge clearly set forth the correct standard and briefly discussed the December 2015 amendment that narrowed Fed. R. Civ. P. 26(b)(1)'s scope of discovery. (Doc. No. 94, PageID# 1002-03.) Thus, the Court concludes the Magistrate Judge applied the correct legal standard and declines to set aside the R&R as "contrary to law."

Even assuming *arguendo* that the Magistrate Judge applied the previous standard, the Court would nevertheless conclude that the sales documents are subject to discovery because they are relevant to Barrio's claims. In December 2015, Fed. R. Civ. P. 26(b)(1) narrowed the scope of discovery to material that is "relevant to any party's claim or defense and proportional to the needs of the case." Thus, Barrio's requested discovery must be relevant to one of its claims. *See Kesterson,* 2018 WL 2129610, at *3. "Relevance for discovery purposes is extremely broad." *Trimbur v. Norfolk Southern Corp.*, No. 2:13-cv-0160, 2015 WL 235219, at *2 (S.D. Ohio Jan. 16, 2015) (citing

6

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir.1998)). The term "relevant" has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Under this broad standard, the Court concludes that the sales documents are relevant to Barrio's claims.

Barrio argues the terms of Condado's sale to Beekman are relevant to Barrio's damages claims because Condado sold to Beekman one or more Condado entities that allegedly duplicated Barrio's business model. (Doc. No. 85, PageID# 950-52.) Thus, Barrio argues, Condado profited from its sale of the allegedly stolen Barrio *brand* to Beekman. (*Id.*) Whether this is a meritorious damages theory remains to be seen and the Court acknowledges that Condado argues vehemently it is not. (Doc. No. 86, PageID# 956-59.) However, at this juncture, the question is not whether Barrio's damages theory is meritorious, or even if any evidence derived from the sales documents is admissible. The question is whether the sales documents are relevant to Barrio's damages. The Court concludes that they are. The Court agrees with the Magistrate Judge's point that Condado's valuation must be based at least partly on Condado's business model. (Doc. No. 94, PageID# 1003.) Condado's business model includes many components, including tangible ones, like décor and recipes, as well as intangible ones, like restaurant atmosphere and ambiance. (*Id.*) Barrio alleges that Condado misappropriated its trade dress (which incorporates these tangible and intangible components) and sold a duplicate "Barrio 2.0" brand to Beekman. (Doc. No. 85, pageID# 951-52.) Thus, the sales documents are relevant because they reflect the valuation of Condado's at-issue business model, which it allegedly misappropriated from Barrio. (*Id.*)

Further, the Court is not persuaded by Condado's argument that the sales documents contain sensitive terms that would be highly prejudicial to Condado if produced to Barrio. (Doc. No. 95, PageID# 1012.) The Court agrees with the Magistrate Judge's conclusion that Condado's production of the sales documents subject to the parties' Stipulated Protected Order is not unduly burdensome. (Doc. No. 94, PageID# 1004.) According to the Stipulated Protected Order, the parties have already agreed to maintain the confidentiality of certain documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." (*See* Doc. No. 42.) Further, the Court also declines Condado's request to conduct an *in camera* review of the sales documents to determine relevancy before production to Barrio. (Doc. No. 95, PageID# 1012.) As discussed above, the Court is persuaded that the sales documents are relevant.

## IV. Conclusion

For all the reasons set forth above, Condado's Objections (Doc. No. 95) to Magistrate Judge Baughman's November 30, 2020 Report and Recommendation are overruled and the Report and Recommendation is adopted in its entirety. (Doc. No. 94.) Barrio's Motion to Compel (Doc. No. 85) is granted to the extent that it seeks the "definitive documents consummating the Sale between Defendants and the Beekman Group, LLC," and denied to the extent that it seeks "all discussions, correspondence, presentations and other information provided by Defendants to the Beekman Group, LLC."

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
    PAMELA A. BARKER
Date: January 28, 2021    U. S. DISTRICT JUDGE