**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BARRIO BROS., LLC, et al.,** | **CASE NO. 1:18-CV-02052** |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **REVOLUCION, LLC, et al.,** | |
| **Defendants.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Motion to Show Cause of Plaintiffs Barrio Bros., LLC, Justin Hughes, LLC, Tres Amigos Lakewood, LLC, Thomas Leneghan, and Sean Fairbairn (collectively, "Barrio") and the Combined Motion to Show Cause, For Sanctions, and Opposition to Plaintiffs' Notice of Continued Noncompliance with Court Order of Defendants Revolucion, LLC, Revolucion Holdings, Inc., Cassyck, LLC, Joseph Kahn, Condado Tacos 1, 2, 4, 5, 6, 7, 8, LLCs, Jonathan D. Adams, and Thomas J. DeSantis (collectively, "Condado"). (Doc. Nos. 103, 107.) For the following reasons, Barrio's Motion to Show Cause is granted as described herein. Condado's Motion to Show Cause is denied. Further, the Court *sua sponte* extends the dispositive motion deadline from Friday, February 19, 2021 to Friday, February 26, 2021.

This discovery dispute arose following the Court's January 28, 2021 Order compelling Condado to produce to Barrio the "definitive documents consummating the Sale between Defendants and the Beekman Group, LLC." (Doc. No. 98, PageID# 1035.) On February 9, 2021, Barrio filed a Motion to Show Cause ("the Barrio Motion") because Condado had not yet produced the definitive sale documents. (Doc. No. 103, PageID# 1047.) According to Barrio, Condado initially told Barrio that it would produce the documents by February 5, 2021, but continued to delay because Condado

needed to make "certain redactions" and seek approval from Beekman, the private equity buyer, before disclosing the sale documents—neither of which, according to Barrio, were contemplated by the Court's January 28, 2021 Order. (*Id.*) Because the dispositive motion deadline was approaching, Barrio requested that the Court order Condado to show cause for its continued delay in failing to produce the documents and to provide such evidence as necessary to demonstrate that the document produced is indeed "the originally signed and saved Definitive Agreement, together with all originally prepared schedules attached thereto." (*Id.*)

On February 10, 2021, Condado filed an Opposition to the Barrio Motion. (Doc. No. 104.) Condado argued that the Barrio Motion was disingenuous and, moreover, that Condado had produced the "Definitive Agreement" to Barrio that day. (*Id.* at PageID# 1049.) Condado argued that its 13-day delay was reasonable because Condado believed it was obligated to notify Beekman prior to disclosing the Purchase Agreement, and also because Condado sought to redact certain terms that related to the instant litigation, which Condado believed were "akin to work product and would be unfair to produce to an opposing party." (*Id.* at PageID# 1050.) Condado contended that its redactions did not relate to the substance of the sale. (*Id.*)

Further, Condado argued that Barrio's counsel should be sanctioned for implying that Condado was "actively conspiring to perpetuate a fraud upon this Court" by coordinating production of the Purchase Agreement with Beekman. (*Id.* at PageID# 1050-51.) Condado also argued that even if the Barrio Motion had some merit, Barrio was not entitled to any relief because Condado produced the Agreement within 14 days of the Court's Order, which Condado claimed was a reasonable time in which to comply. (*Id.* at PageID# 1051.) Finally, Condado argued that the Barrio Motion confirmed that Barrio sought to engage in a "fishing expedition by expanding what constitutes the

2

'Definitive Agreement' between Defendants and the Beekman Group." (*Id.*) According to Condado, it produced all of the definitive documents consummating the Sale between it and Beekman, including the Exhibits and Schedules attached to the end of the Agreement. (*Id.* at PageID# 1051-52.)

On February 11, 2021, Barrio filed a Combined Notice of Defendants' Continued Noncompliance with the Order and Reply to Defendants' Opposition. (Doc. No. 106.) Barrio argued that Condado failed to fully comply with the Order because Condado only provided a redacted portion of the definitive sale documents and failed to produce a key element of the Purchase Agreement, a document identified as the "Disclosure Letter," and Exhibits referenced in the Agreement. (*Id.* at PageID# 1059.) According to Barrio, the Purchase Agreement incorporates and references the Disclosure Letter as if the letter is rewritten therein. (*Id.*) To illustrate why it believed the Disclosure Letter was relevant, Barrio cited generally to four Purchase Agreement provisions that reference and/or incorporate the Disclosure Letter. (*Id.* at PageID# 1059, 1060, 1061.) Thus, Barrio argued that the Disclosure Letter is an integral part of the Purchase Agreement and that Condado must produce it under the terms of the January 28, 2021 Order. (*Id.* at PageID# 1061.) Further, Barrio argued that the Disclosure Letter is independently relevant to the instant matter because it is possible that the Disclosure Letter contains Barrio's misappropriated financial information, and Beekman may have based its valuation of Condado on the misappropriated Barrio information. (*Id.* at PageID# 1059.)

On February 15, 2021, Condado filed its Combined Motion to Show Cause, For Sanctions, and Opposition to Plaintiffs' Notice of Continued Noncompliance with Court Order ("the Condado Motion"). (Doc. No. 107.) Condado argued that Barrio's counsel should be held in contempt and sanctioned for violating the July 26, 2019 Stipulated Protective Order for divulging certain terms of

3

the Purchase Agreement in Barrio's February 11, 2021 brief. (*Id.* at PageID# 1064.) Further, Condado opposed Barrio's February 11, 2021 brief and maintained that it complied with the Court's Order to produce the definitive sale documents on February 10, 2021. (*Id.* at PageID# 1065.) Condado argued that its redactions were minor and that, while Barrio criticized the redactions, Barrio never once claimed that the redacted information was relevant to Condado's sale price. (*Id.*) Condado also argued that Barrio's claim that Beekman may have utilized Barrio's financials to arrive at its valuation of Condado was far-fetched. (*Id.* at PageID# 1066.) Finally, Condado argued that Barrio refused to engage in a good-faith attempt to resolve their dispute over the Disclosure Letter and instead chose to file another baseless brief with the Court. (*Id.*)

On February 17, 2021, Barrio filed a Response to the Condado Motion. (Doc. No. 108.) Barrio argued that Condado "selectively disclosed certain schedules without redactions, produced certain schedules with redactions and altogether refused to produce significant documents of and concerning representations and warranties that were set forth in a 'Disclosure Letter'." (*Id.* at PageID# 1073.) According to Barrio, Condado "moved significant portions of information typically contained in the body of the Agreement to the attached Disclosure Letter" in an attempt to avoid divulging potentially prejudicial information. (*Id.*) Moreover, Barrio argued that it cannot put forth arguments as to why the redacted information is relevant because Barrio is not privy to the redacted information. (*Id.* at PageID# 1074.) Barrio argues that Condado has not asserted a privilege to justify its redactions or omissions, but instead seeks to avoid producing potentially prejudicial information. (*Id.*) Next, Barrio argued that it did not violate the Stipulated Protective Order. (*Id.*) Barrio argued that the Stipulated Protective Order provides that any documents subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for

hearing, argument, or trial in the courtroom. (*Id.* at PageID# 1074.) According to Barrio, its citations to the Purchase Agreement were minimal, general, and did not reveal any substantive information from the definitive sale documents. (*Id.* at PageID# 1075.) Further, Barrio argued, basic references to the definitive documents are not protected under the Stipulated Protective Order, which indicates that it should be construed in favor of public disclosure whenever possible. (*Id.*) Finally, Barrio argues that any meet-and-confer between Condado's and Barrio's counsels would have been fruitless because Condado believes it complied fully with the Court's Order and Barrio believes it did not. (*Id.* at PageID# 1076.)

The Court concludes that the Disclosure Letter and Exhibits referenced in the Purchase Agreement, as described in Barrio's briefing, must be produced because these is part and parcel of the "definitive documents consummating the Sale between Defendants and Beekman Group LLC." (Doc. No. 98, PageID# 1035.) According to Barrio, the Purchase Agreement incorporates the Disclosure Letter by reference as though fully rewritten therein. (Doc. No. 106, PageID# 1059.) Indeed, the Purchase Agreement purportedly cites the Disclosure Letter no fewer than 90 times. (Doc. No. 108, PageID# 1073.) Thus, the definitive sale documents are incomplete without the Disclosure Letter. To understand the Purchase Agreement's provisions, one must also read and understand the Disclosure Letter. Condado offers no argument as to why the Disclosure Letter, which is incorporated into the Purchase Agreement itself, should not be considered part and parcel of the definitive sale documents. Accordingly, Condado is ordered to produce the Disclosure Letter and Exhibits referenced in the Purchase Agreement by close of business Friday, February 19, 2021.

Next, the Court concludes that Condado must either produce unredacted versions of the definitive sale documents or else explain why its redactions are justified. Condado is ordered to either

produce unredacted versions of the definitive sale documents or else produce a privilege log that identifies each redaction, the privilege Condado asserts for each redaction, and the basis for the privilege by close of business Friday, February 19, 2021.

Next, the Court declines Condado's February 10, 2021 request in its Opposition to impose sanctions against Barrio's counsel and for fees and costs. (Doc. No. 104.) This is a standard discovery dispute and sanctions are inappropriate here. Barrio's initial assertion that Condado's delay in producing the definitive sale documents was due to possible coordination with Beekman was not improper or made in bad faith. Indeed, Condado indicated in its own Opposition that it sought approval from Beekman prior to producing the definitive sale documents. (*Id.*, PageID# 1050.) The Court does not interpret the Barrio Motion to "maliciously" suggest that Condado's counsel "conspire[d]" with Beekman "to commit a fraud upon this Court" or to engage in any other bad faith conduct. (Doc. No. 104, PageID# 1052.) Accordingly, Barrio's counsel has not engaged in any sanctionable conduct.

Moreover, the Condado Motion (Doc. No. 107) is denied. The Court disagrees with Condado's argument that Barrio "violated the Stipulated Protective Order by identifying and discussing no fewer than four separate sections of the sales agreement." (Doc. No. 107, PageID# 1065.) The Court does not believe Barrio has violated the Stipulated Protective Order. While Barrio identified certain Purchase Agreement provisions in its February 11, 2021 Response, it cited those provisions solely by section number and provided brief, general summaries that do not reveal any material from the definitive sale documents. (*See* Doc. No. 106, PageID# 1059, 1060, 1061.) Although Barrio's first excerpt from the Stipulated Protective Order does not map precisely onto this discovery dispute—this is not a hearing, argument, nor trial—Barrio must be able to sufficiently alert

the Court and Condado to its arguments as to why it believes the Disclosure Letter is a definitive sale document. (Doc. No. 108, PageID# 1075.) Merely identifying the section number to alert the Court and Condado to the various sections of the Purchase Agreement that reference or incorporate the Disclosure Letter does not violate the Stipulated Protective Order.

Finally, due to the late hour of this discovery dispute, the Court will *sua sponte* extend the dispositive motion deadline from Friday, February 19, 2021 until Friday, February 26, 2021. This allows Barrio one additional week to review the yet-unproduced Disclosure Letter and incorporate any related arguments into its motion if it so chooses.

Thus, for the reasons set forth above, the Barrio Motion (Doc. No. 103) is granted to the extent that Condado must produce all "definitive documents consummating the Sale between Defendants and the Beekman Group LLC," including the Disclosure Letter and Exhibits referenced throughout the Purchase Agreement by close of business, Friday, February 19, 2021. Further, Condado is ordered to produce an unredacted copy of all "definitive documents consummating the Sale between Defendants and the Beekman Group LLC," or else produce a privilege log that identifies each existing redaction, the privilege asserted, and the basis for the privilege by close of business, Friday, February 19, 2021. The Condado Motion (Doc. No. 107) is denied. Further, the Court *sua sponte* extends the dispositive motion deadline from Friday, February 19, 2021 until Friday, February 26, 2021.

**IT IS SO ORDERED.**

Date: February 18, 2021

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE