IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BARRIO BROS., LLC, et al.,** | **CASE NO. 1:18-CV-02052** |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **REVOLUCION, LLC, et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION AND ORDER** |

Currently pending are the Objections of Plaintiffs Barrio Bros., LLC, Justin Hughes, LLC, Tres Amigos Lakewood, LLC, Thomas Leneghan, and Sean Fairbairn (collectively, "Barrio") to Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation dated May 14, 2021, recommending that the Court grant the Motion to Compel by Defendants Revolucion, LLC, Revolucion Holdings, Inc., Cassyck, LLC, Joseph Kahn, Condado Tacos 1, 2, 4, 5, 6, 7, 8, LLCs, Jonathan D. Adams, and Thomas J. DeSantis (collectively, "Condado"). (Doc. No. 130.) For the following reasons, Barrio's Objections are overruled.

**I.** **Background**

The Magistrate Judge set forth the relevant facts surrounding this discovery dispute in his May 14, 2021 Report and Recommendation ("R&R"). (Doc. No. 128.) Relevant to the instant Objections, a discovery dispute arose between Barrio and Condado, in which Condado sought to compel two sets of documents: (1) certain Barrio sales records, and (2) Barrio's licensing agreements between it and certain third parties. (*Id.* at PageID# 2586-88.) Barrio opposed Condado's Motion to Compel. (Doc. No. 119.) The Court referred the dispute to Magistrate Judge Baughman. (Doc. No. 120.) On May 14, 2021, Magistrate Judge Baughman recommended that Condado's Motion to

Compel be granted to the extent that Condado sought certain store-by-store sales reports, and also to the extent that Condado sought "the Licensing Agreements between Plaintiff Barrio Brothers and its partners in East Lansing, Michigan, Columbus, Ohio, and Portsmouth, New Hampshire." (Doc. No. 128, PageID# 2592-93.)

Magistrate Judge Baughman concluded that the Licensing Agreements fall within the permissible scope of discovery set forth under Fed. R. Civ. P. 26(b). According to the Magistrate Judge, "at the heart of this contentious lawsuit lies the question of whether Condado unlawfully stole Barrio's intellectual property that defines the look, feel, and design of its restaurants." (Doc. No. 128, PageID# 2590.) He observed that it is undisputed that the Licensing Agreements "outline the manner by which Barrio's franchisees run their restaurants in conformance with Barrio's trade dress." (*Id.*) Thus, while these Licensing Agreements are not the only way that Barrio defines its trade dress, the parties' briefs "confirm[ ] that they are one way—and therefore relevant to the claims, counterclaims, and defenses in this case." (*Id.* at PageID# 2591.)

On May 27, 2021, Barrio objected to Magistrate Judge Baughman's R&R only with respect to his recommendation that Barrio be compelled to produce the Licensing Agreements.[1] (Doc. No. 130.) On June 9, 2021, Condado filed a response to Barrio's objections, to which Barrio did not reply. (Doc. No. 131.)

II. **Legal Standard**

When a party objects to a magistrate judge's order regarding a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 72.3(a). "The 'clearly erroneous'

---

[1] According to Barrio, the parties reached an agreement regarding the production of Barrio's financial statements.

2

standard applies to the magistrate judge's findings of fact." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *1 (N.D. Ohio Apr. 19, 2017). Under this standard, "[a] finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96-CV-01780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). "A court may not overturn a ruling just because, if it were the original fact-finder, it would have decided the evidence differently. If there are two plausible views of a matter, then a decision cannot be 'clearly erroneous.'" *Burghardt v. Ryan*, No. 5:19-cv-325, 2020 WL 4350049, at *2 (N.D. Ohio July 29, 2020) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985)).

On the other hand, a "magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard." *Diorio*, 2017 WL 1399869, at *1. The "contrary to law" standard is the "same standard the Sixth Circuit uses to review district court evidentiary rulings on questions of law," which is an "abuse of discretion" standard. *JGR, Inc.*, 2006 WL 456479, at *1. An abuse of discretion occurs when "a court improperly applies the law or uses an erroneous legal standard." *Id.* (citations and internal quotations omitted). "Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion." *Diorio*, 2017 WL 1399869, at *2 (quoting *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014)). Indeed, "[t]hat reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.*

**III. Analysis**

Barrio objects to the Magistrate Judge's recommendation that the Court grant Condado's Motion to Compel to the extent that Condado seeks the Licensing Agreements between Barrio and certain third parties, which is a non-dispositive matter. Thus, the Court considers Barrio's objections under the clearly erroneous or contrary to law standard, set forth above. For the following reasons, the Court overrules Barrio's Objections to the Magistrate Judge's R&R.

Barrio fails to identify a single part of Magistrate Judge Baughman's R&R that is "clearly erroneous." (Doc. No. 130.) Indeed, the phrase "clearly erroneous" does not appear anywhere in Barrio's Objections. Instead, Barrio reiterates the same argument that it presented to Magistrate Judge Baughman, namely that the Licensing Agreements contain sensitive information that Condado could use to unfairly harm third party licensees. (Doc. No. 119, PageID# 2419; Doc. No. 130, PageID# 2602.) Barrio also argues that producing unredacted copies of the Licensing Agreements is the "nuclear option" because these agreements contain certain trade secret information related to "Plaintiffs['] operational advantages in the market." (Doc. No. 130, PageID# 2602.)

Magistrate Judge Baughman addressed Barrio's concerns regarding the sensitive nature of the Licensing Agreements in the R&R. (Doc. No. 128, PageID# 2591.) He noted that the parties' protective order contemplates establishing an additional category of protection that prohibits disclosure of highly sensitive competitive or confidential information to another party, or that limits disclosure only to specifically designated in-house counsel or party representatives. (*Id.*) The Magistrate Judge concluded that it was proper to "leave it to the lawyers to decide whether the licensing agreements warrant this additional protection." (*Id.*) The Court agrees. According to the parties' Stipulated Protective Order, Barrio may seek to protect the Licensing Agreements from

Condado's eyes by seeking to establish an additional category of protection that prohibits disclosure of these documents only to specific in-house counsel or Condado representatives. (*See* Stipulated Protective Order, Doc. No. 42, PageID# 507, n1.) In other words, the Stipulated Protective Order expressly contemplates the production of highly sensitive trade secrets and provides Barrio a framework by which Barrio may seek out additional protection. (*Id.*) If Barrio believes the Licensing Agreements merit additional protection, Barrio may seek such protection according to the terms of the Stipulated Protective Order.

Barrio argues that limiting disclosure of the Licensing Agreements only to Condado's attorneys is useless because Condado's attorney obtained Barrio's trade secret and financial information through state court litigation in 2013 and subsequently shared that information with his clients. (Doc. No. 130, PageID# 2602-03.) Barrio accuses Condado's attorney of "misappropriate[ing]" Barrio's trade secrets and claims that, but for Condado's attorney's nefarious act of providing this information to his clients, Condado would likely not exist. (*Id.*) Such an accusation is opprobrious and unfounded. Barrio's cited portion of the Memorandum in Opposition to Defendants' Motion for Summary Judgment contains absolutely no support for Barrio's assertion that Condado's attorney "obtained Barrio's trade secret information, including its financial information, through a 2013 state court litigation." (*Compare* Doc. No. 121, PageID# 2426-27 *to* Doc. No. 130, PageID# 2602.) Moreover, this accusation is not supported anywhere else in the record. The Court expects the parties—and their attorneys—to abide by the Stipulated Protective Order to which *they all agreed*. (*See* Doc. No. 42, PageID# 507, n1.) If Barrio chooses to seek additional protection for its Licensing Agreements, then the Court expects that Condado's attorneys

will limit accordingly the disclosure of those Licensing Agreements. Put plainly, the Court requires the parties and their attorneys to honor the agreements that they made at the outset of this case.

It is undisputed that the Licensing Agreements relate to Barrio's definitions of its intellectual property and trade dress. Thus, under Fed. R. Civ. P. 26(b)'s broad standard, the Court concludes that the Licensing Agreements are relevant to the claims, counterclaims, and defenses at issue in this matter. Accordingly, the Court agrees that Barrio must produce the Licensing Agreements, subject to the parties' protective order. (*Id.* at PageID# 2593.)

## IV. Conclusion

For the reasons set forth above, Barrio's Objections (Doc. No. 130) to Magistrate Judge Baughman's May 14, 2021 Report and Recommendation are overruled and the Report and Recommendation is adopted in its entirety. (Doc. No. 128.) Condado's Motion to Compel (Doc. No. 116) is granted to the extent set forth in Magistrate Judge Baughman's May 14, 2021 Report and Recommendation.

**IT IS SO ORDERED.**

Date: June 17, 2021

                                        *s/Pamela A. Barker*
                                        PAMELA A. BARKER
                                        U. S. DISTRICT JUDGE